IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA HOUSING FINANCE AGENCY,

        Plaintiff,

    vs.

ROBERT E. WHITE, II,

        Defendant.

No. 2:13-cv-339-KJM-EFB PS

FINDINGS AND RECOMMENDATIONS

On February 21, 2013, defendant Robert White, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Sacramento County.[1]  Dckt. No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

---

[1] Also on February 21, 2013, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

The notice of removal states that this court has jurisdiction pursuant to the Securities and Exchange Act, 15 U.S.C. §§ 77t(d)(1), 77v(a), 78u(d)(3)(A), 78u(e), and 78aa, and the federal RICO statute, 18 U.S.C. §§ 1962 *et seq.*, arguing that this action is really a "criminal matter brought under the disguise of a non-judicial foreclosure" and that plaintiff "committed fraud by bring[ing] a Security Bond issue to the Superior Court of Sacramento under the scheme of a Non Judicial Foreclosure. . . ." Dckt. No. 2 at 2. However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. Dckt. No. 1 at 43-44 (Compl.). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law.

Defendant appears to be asserting a variety of defenses and potential counterclaims against plaintiff. Dckt. No. 1 at 2-25. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a

2

federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Nor has defendant established that this court has diversity jurisdiction. Although defendant contends that he is a citizen of California, that "this matter is a Securities issue of the State of New York," that there is complete diversity among the parties, and that the amount in controversy exceeds $75,000, Dckt. No. 1 at 3, 19, 20, the notice of removal does not allege the citizenship of plaintiff, nor does it adequately establish that the amount in controversy actually exceeds $75,000. *See Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole."). Moreover, removal by defendant is not proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendant also references 28 U.S.C. § 1443(1), and appears to be contending that it provides an additional basis for removal here. Dckt. No. 1 at 20-22. However, nothing in the record supports removal on that ground. Section 1443's applicability is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted). A case may only be removed under § 1443(1) if defendant can satisfy two criteria.[2] "First, [defendant] must assert, as a defense to the [action], rights that are given to [him] by explicit

---

[2] Section 1443(1) provides that a state court civil action "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending. 28 U.S.C. § 1443(1).

3

statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, [defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* In general, there must be a state law or constitutional provision that denies defendant an opportunity to raise a federal right in his state proceeding. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)).

Here, defendant has not met his burden of proof on the first prong since nothing in the notice of removal indicates a denial of racial equality. Defendant has also not met his burden on the second prong since he "point[s] to no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Patel*, 446 F.3d at 999. To the extent defendant seeks the enforcement of constitutional provisions of general applicability, that is not a sufficient basis to remove this state unlawful detainer action to federal court under § 1443(1). *Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); *Oregon v. Hadsell*, 2008 WL 4534111, at *2 (D. Or. Oct. 3, 2008) (denying petition where the defendant asserted general due process and human rights violations); *U.S. Bank Nat. Ass'n v. Garcia*, 2012 WL 1232115, at *2 (N.D. Cal. Apr. 12, 2012) (declining to find subject matter jurisdiction under § 1443 in an unlawful detainer action where the removing defendant alleged "discrimination" in state court).

////

////

Therefore, because defendant has not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.[3]  *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  February 27, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Nor does it appear that the notice of removal was timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, the complaint was filed on January 7, 2013, Dckt. No. 1 at 9, yet the notice of removal was not filed until February 21, 2013.